DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark James Keller, appeals from an order of the Summit County Court of Common Pleas which overruled his timely objections and adopted a magistrate's decision. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C.2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 3} This court has previously examined the role of magistrates and the procedures a trial court must utilize when entering judgment on a magistrate's decision. Perrine v.Perrine, 9th Dist. No. 20923, 2002-Ohio-4251, at ¶ 7, citing Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211. As the primary function of a final order is the termination of a case or controversy, the particular language of an entry must specify the relief afforded the parties. Perrine
at ¶ 7, citing Harkai, 136 Ohio App.3d at 215.
 {¶ 4} Pursuant to Civ.R. 53, a court may adopt a magistrate's decision and enter judgment without waiting for objections to be filed by the parties. Civ.R. 53(E)(4)(c). If objections are filed, the court must then rule on the objections and either "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). If no objections are filed, the court may adopt the magistrate's decision, unless there is an error of law or other defect on the face of the magistrate's decision. Civ.R. 53(E)(4)(a).
 {¶ 5} However, regardless of which option is chosen, the court must independently enter its own judgment, "setting forth the outcome of the dispute and the remedy provided" for the order to be final and appealable. Harkai,136 Ohio App.3d at 218. The matters should be disposed of "`such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.'" Dalyv. Martin (May 14, 1997), 9th Dist. No. 2599-M, at 5, quotingLavelle v. Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396 (Ford, J, Concurring). See, also, In re Zakov (1995),107 Ohio App.3d 716, 717 (stating that the trial court "must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry"). Moreover, as only a judge may terminate an action by entering a judgment, a trial court order stating only that it is adopting a magistrate's decision is not final.Harkai, 136 Ohio App.3d at 220-21. See Huff v. Huff, 9th Dist. No. 20934, 2003-Ohio-1304, at ¶ 7. "[S]uch incorporation or adoption of a judgment fails to meet the requirement of the certainty of judgments since it fails to disclose how the matter was resolved." Harkai 136 Ohio App.3d at 220.
 {¶ 6} In the present matter, the court acted on the magistrate's decision on July 16, 2003, before objections were filed. In its entry, the court merely states that it "reviewed the [m]agistrate's [d]ecision, finds that there are no errors of law or other defect on the face of the decision and hereby adopts the same as an [o]rder of [the] [c]ourt." Thereafter, Appellant filed his objections and the court issued a subsequent order indicating that it reviewed the magistrate's decision, the transcript of the hearing, exhibits, and the submitted briefs and found that the objections should be overruled.
 {¶ 7} Upon review, we find that neither of the orders are final as the court failed to independently set forth its own judgment. See Harkai, 136 Ohio App.3d at 218; Bergin v.Berezansky, 9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 6. It is unclear how the court resolved the issues submitted to it and what relief the trial court afforded the parties. In order for the parties to discern their rights and obligations, they would have to refer to the separate magistrate's decision. Thus, there is no final judgment and appellate jurisdiction has not been conferred on this Court. See Zakov, 107 Ohio App.3d at 717;Daly, supra, at 5. The appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Carr, P.J., and Whitmore, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.