DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Duaine E. Crislip, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Division, which modified a magistrate's decision regarding child support paid to Appellee, Lynette M. Crislip. We reverse and remand
 {¶ 2} On November 12, 2002, Appellant filed a motion to designate himself the residential parent and legal custodian of two of the parties' children. Appellee then filed a motion to modify child support and terminate spousal support. Both matters were heard before a magistrate on March 31, 2003. A month later, the magistrate issued a decision granting custody of two of the parties' children to Appellant, recalculating child support, and terminating spousal support as of the date of Appellee's remarriage. In determining Appellant's final support obligation the magistrate imputed $16,640 annual income to Appellee even though the magistrate also found that Appellee was not currently employed due to a back injury.
 {¶ 3} Both parties filed objections to the magistrate's decision in May 2003. Neither party filed a copy of the transcript from the hearing before the magistrate. Following a hearing on June 20, 2003, the trial court recalculated child support without imputing any income to Appellee, and ordered Appellant to pay $379.46 monthly child support to Appellee. Appellant timely appealed raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion by failing to affirm and adopt the magistrate's decision on the matter of child support calculation where the trial court was not provided with a transcript of the proceedings before the magistrate."
 {¶ 4} In his only assignment of error, Appellant argues that the trial court erred by failing to affirm the magistrate's decision where no transcript of the hearing before the magistrate was filed. Appellant specifically contends that the trial court abused its discretion by finding, without the aid of a transcript, that Appellee could not work when the magistrate below never explicitly made such a finding and actually imputed $16, 640 annual income to Appellee. We agree.
 {¶ 5} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122. An objecting party must provide either a transcript or affidavit to support their objections to a magistrate's findings of fact. Civ.R. 53(E)(3)(c).
"[W]hen an objecting party fails to provide a transcript of the proceedings or an affidavit to support his objections, `a trial court is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings.'" (Emphasis omitted.) Weitzel v. Way,
9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 18, quoting Wade v.Wade (1996), 113 Ohio App.3d 414, 418.
 {¶ 6} In other words, in the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate. See Weitzel, at ¶ 19;Wade, 113 Ohio App.3d at 418; Galewood v. Terry Lumber Supply Co., 9th Dist. No. 20770, 2002-Ohio-947, at ¶ 10. In such a case, the trial court may only examine the ultimate legal conclusions in light of the facts found by the magistrate. SeeWeitzel at ¶ 21; Galewood, at ¶ 10.
 {¶ 7} In the case at bar, the magistrate specifically found that:
"[Appellee] injured her back in July or August, 2002, and is still treating with a chiropractor one to three times per week. She does not know when she will return to work. She does believe that she can find employment for $8 per hour, if she is able to work. * * * The Magistrate finds that [Appellee's] gross annual income should be imputed at $8 per hour, forty hours per week for a total of $16,640 per year."
However, the trial court, in the absence of a transcript, evidentiary affidavit or hearing, instead made a factual finding that "[Appellee] is unable to work due to a back injury." Based on that factual finding, the trial court imputed $0 annual income to Appellee.
 {¶ 8} This Court notes that the magistrate at no point made a factual finding that Appellee was unable to work. Rather, the magistrate found that Appellee simply was not working at the time of the hearing. The magistrate's imputation of income to Appellee indicates that the magistrate felt that Appellee could, in fact, work. We, therefore, find that the trial court's alteration of the magistrate's factual findings, in the absence of a transcript, affidavit, or hearing, constituted an abuse of discretion. See Weitzel, at ¶ 21-22; McClain v. Taylor, 9th Dist. No. 02CA0027-M, 2003-Ohio-248, at ¶ 9-10. Accordingly, Appellant's assignment of error is sustained.
 {¶ 9} We sustain Appellant's assignment of error, reverse the decision of the Medina County Court of Common Pleas, Domestic Division, and remand for further proceedings consistent with this opinion.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J. concur.