DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Janice L. Chester, n.k.a. Freece, appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
 I. {¶ 2} Ms. Freece and James O. Chester ("James") were married on June 24, 1972. No children were born as issue of the marriage. On April 18, 1983, Ms. Freece filed a complaint for divorce in the Domestic Relations Division of the Summit County Court of Common Pleas. Sometime before the divorce was finalized, James deeded the real estate to Ms. Freece.
 {¶ 3} On or about November 1983, the trial court issued a judgment entry of divorce pursuant to an agreement between Ms. Freece and James. As part of the divorce agreement, the trial court ordered the following:
"[T]he real estate owned jointly by the parties at 322 Wunderlich Avenue, Barberton, Ohio, be listed for sale with the McDaniel Real Estate Agency in Barberton, Ohio, at a price to be determined between the parties taking into consideration the suggested listing price of the real estate company and upon the sale of said home, all liens and joint obligations of the parties shall first be paid after the costs of said sale and the net equity remaining after the payment of these debts and costs of sale shall be divided equally between the parties. The Plaintiff shall have the sole and exclusive right to occupy the marital residence until said sale on condition that she pay the existing mortgage payment and home improvement loans, and, in addition, the Plaintiff shall have the right to collect rentals on the apartment located in the premises. This Court shall retain jurisdiction over the issue of the sale of the home in the event a dispute should arise between the parties."
Immediately after the divorce decree was entered, Ms. Freece listed the real estate with McDaniel Real Estate Agency as required by the divorce decree, for an agreed term of six months. However, the house did not sell. Sometime in 1984, Ms. Freece listed the real estate again, this time for a three-month period; once again, the real estate did not sell. Ms. Freece made no further attempts to sell the property.
 {¶ 4} On July 8, 1985, James died, leaving his granddaughter, Lori Stinnett, as his sole beneficiary. Thereafter, James' attorney filed an estate administration with the probate court. Probate documents in the record reveal that at that time, it was understood by the probate court that James had deeded the property to Ms. Freese before the divorce was finalized, but that the case had remained open to possibly pursue a quiet title or partition action. However, the probate court documented its belief that James' estate would not prevail in such an action. The estate was terminated in 1992.
 {¶ 5} It is uncontested that neither James nor Ms. Freece informed James' son, Appellee, James S. Chester, or Lori Stinnett of his interest in the real estate pursuant to the divorce decree. However, a conversation with Ms. Freece in April 2003 regarding the real estate prompted Mr. Chester to investigate the status of the real estate. Pursuant to a title search, Mr. Chester discovered that James retained an interest in the real estate. On May 28, 2003, Mr. Chester caused a new estate to be opened in James' behalf, and Mr. Chester was appointed the administrator of James' estate by the Probate Division of the Summit County Court of Common Pleas.
 {¶ 6} On June 12, 2003, Mr. Chester filed a motion for the suggestion of James' death pursuant to Civ.R. 25(E) and for substitution of Mr. Chester as a party defendant; a motion for the enforcement of the divorce decree; and a motion for contempt against Ms. Freece for her failure to list and sell the real estate. Mr. Chester asserted that he had not learned of James' interest in the real estate until earlier that year. The trial court granted the substitution of Mr. Chester, and the remaining matters were set for an evidentiary hearing before a magistrate.
 {¶ 7} The parties submitted trial briefs to the court. In her brief, Ms. Freece asserted the defense of laches, arguing that Mr. Chester was barred from enforcing the divorce decree on this basis. Ms. Freece maintained that Mr. Chester and Lori knew or should have known of James' remaining interest in the real estate from the outset.
 {¶ 8} On October 2, 2003, a hearing was held before the magistrate, during which Ms. Freece, Mr. Chester, and Lori testified regarding the real estate matter. On January 5, 2004, the magistrate issued a decision that denied Mr. Chester's motion for contempt. However, the magistrate simply found that pursuant to R.C. 2101.24, the probate court had exclusive jurisdiction over the enforcement of the property divisions, and thereby dismissed Mr. Chester's motion for the enforcement of the divorce decree. On January 5, 2004, the trial court issued a judgment entry that adopted the magistrate's decision.
 {¶ 9} Thereafter, Mr. Chester filed objections to the magistrate's findings in its decision, asserting that the domestic relations division of the court did have jurisdiction over the enforcement of the sale of the real estate. Mr. Chester filed a praecipe with the court requesting a transcription of the hearing held before the magistrate. However, the trial court specifically noted in a subsequent order that Mr. Chester was not required to obtain a transcript of the hearing because Mr. Chester's objections challenged only legal issues. See Civ.R. 53(E)(3)(c).
 {¶ 10} On February 27, 2004, the trial court issued an order sustaining Mr. Chester's objections and finding that the domestic relations division of the trial court had jurisdiction over the disposition of the real estate. In its order, the court acknowledged that the real estate was listed as an asset in James' estate, but that the property was not administered as an asset of the estate because the probate court had determined that James did not own the property at the time of his death. The court scheduled a hearing to determine de novo what interest, if any, the decedent's estate may have in the real estate, and to what extent the divorce decree should be enforced. With respect to the extent of its jurisdiction over the case, the court stated that once it determined whether James' estate had an interest in the real estate, the probate court would have the jurisdiction to determine the distribution of any share of the estate's proceeds.
 {¶ 11} The court heard the matter on March 12, 2004. However, the court did not take any additional evidence or testimony during the hearing. The court merely addressed the parties regarding its understanding and opinion on the matter. The court noted on the record that in the event the parties did not resolve the case within a week from the date of the hearing, the court would issue a ruling.
 {¶ 12} On March 24, 2004, the trial court issued a journal entry in which it determined, that, because neither party had pushed the issue of selling the real estate, neither party was in contempt for failing to do so. Furthermore, the court found that Ms. Freece did not prevail on her laches defense because any delay caused by Mr. Chester was not unreasonable and Ms. Freece had not been prejudiced by the delay. The court ordered that the real estate be listed for sale within 30 days at a price agreed to by the parties. In the event that the house is not listed, or the parties do not cooperate in the sale, the court stated that it would appoint a special master to sell the real estate on terms approved by the court. It is from this decision that Ms. Freece now appeals.
 {¶ 13} Ms. Freece timely appealed, asserting five assignments of error for review. We address each of Ms. Freece's assignments of error in turn.
 II. A. Third Assignment of Error
"The trial court erred in reviewing the objections to the magistrate's report in making it's [sic.] decision."
 {¶ 14} In her first assignment of error, Ms. Freece essentially challenges the jurisdiction of this Court over this appeal, claiming that the trial court failed to issue a final, appealable order. Specifically, Ms. Freece asserts that in its judgment entry, the court did not review the magistrate's decision in accordance with Civ.R. 53(E)(4)(c), and that from its entry it is unclear how the court is trying to resolve the case. Ms. Freece also contends that the court failed to explain in its judgment entry its decision to modify the magistrate's decision, and that the court failed to issue a judgment. We disagree.
 {¶ 15} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. R.C. 2505.02(B)(1) in part defines a final order as one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 16} Pursuant to Civ.R. 53, a trial court may adopt a magistrate's decision and enter judgment without waiting for objections to be filed. Civ.R. 53(E)(4)(c). However, if objections are filed, the court must rule on the objections and either "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). In any event, the court must independently enter a judgment that sets forth the outcome of the dispute and remedy provided in order for the order to be final and appealable. Harkai v. Scherba Indus.,Inc. (2000), 136 Ohio App.3d 211, 218. The court "must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry." In re Zakov (1995),107 Ohio App.3d 716, 717.
 {¶ 17} Ms. Freece insists that pursuant to our decision inKeller v. Keller, 9th Dist. No. 03CA0059, 2004-Ohio-2243, this case should be remanded to the trial court so that it may issue a judgment in conformity with that decision. In Keller, this Court dismissed the appeal for lack of jurisdiction. We specifically found, that, because the order from which the party appealed merely overruled the party's objections and did not set forth the relief being provided by the trial court and the court's independent judgment, that there was no final judgment and therefore no appellate jurisdiction. Id. at ¶ 7.
 {¶ 18} In its February 27, 2004 decision, the trial court, pursuant to a review of the magistrate's decision and the record, sustained Mr. Chester's objections, found that it had jurisdiction over the matter, and scheduled an oral hearing to determine the parties' respective interests in the real estate. See Civ.R. 53(E)(4)(b). Ms. Freece's contention that the trial court failed to issue a judgment entry is thus wholly contradicted by the fact that the court did subsequently issue a judgment entry on March 24, 2004 from which Ms. Freece directly appealed. In this entry, the court reduced to judgment the parties' rights in the real estate, and afforded Mr. Chester the relief he sought in his motion. Specifically, the court ordered the real estate to be sold and that the net proceeds to be divided equally, thereby recognizing that each party has a one-half interest in the proceeds of the sale of the real estate. As such, we find that the order dated March 24, 2004 is a final and appealable order.
 {¶ 19} Furthermore, Ms. Freece's assertion that the court failed to set forth its reasons for modifying the magistrate's decision and finding that it had jurisdiction over the matter, lacks merit. In its judgment entry dated February 27, 2004, the trial court explicitly noted, that, while the real estate was listed as an asset in James' estate, the property was not administered as an asset of the estate because the probate court had decided that James did not own the property at his death.
 {¶ 20} Because we have found that the trial court issued an order that is final and appealable, we conclude that this Court has jurisdiction over this appeal. Ms. Freece's third assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in not having a transcript of proceedings before it where the trial court failed to affirm the decision of the magistrate."
 {¶ 21} In her second assignment of error, Ms. Freece contends that the trial court erred when it failed to affirm the decision of the magistrate without having before it a transcript of the hearing held before the magistrate. We agree.
 {¶ 22} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed absent an abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. V Cos.v. Marshall (1998), 81 Ohio St.3d 467, 469.
 {¶ 23} Pursuant to Civ.R. 53(E)(3)(c), an objecting party is required to provide either a transcript or affidavit to support his or her objections to a magistrate's findings of fact.Crislip v. Crislip, 9th Dist. No. 03CA0112-M, 2004-Ohio-3254, at ¶ 5. If the party fails to do so, a trial court's review is limited to the legal conclusions in light of the facts found by the magistrate, unless the trial court holds further hearings. Id., citing Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 18. "[I]n the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." Crislip at ¶ 6.
 {¶ 24} In the present case, Mr. Chester did file with the trial court a praecipe for a transcript of the hearing before the magistrate to accompany his objections. However, the trial court specifically absolved Mr. Chester of this duty by declaring that a transcript of the hearing was unnecessary; the court reasoned that the objections to the jurisdictional finding of the magistrate was solely a legal issue that did not require a transcript for review. To the extent that the objections raised solely a legal challenge, we cannot say that the trial court's decision to not require a transcript was incorrect. See Civ.R. 53(E)(3)(c). The court's review of the matter in this context, absent a transcript, affidavit of the evidence, or evidentiary hearing, was limited to a review of the magistrate's legal conclusions. See Weitzel at ¶ 18.
 {¶ 25} However, the trial court subsequently sustained the objections and ultimately modified the magistrate's order by proceeding to issue a decision that established certain factual findings regarding the parties' rights to the real estate, which findings were not contained in the magistrate's decision. To the extent that the court made factual findings that ventured beyond the scope of the magistrate's decision, the court was required to reference a transcript or affidavit, or hold an evidentiary hearing on these issues prior to making its decision. SeeCrislip at ¶ 5; Weitzel at ¶ 21-22; Civ.R. 53(E) (3(c). The court did not have before it a transcript of the magistrate's hearing or an affidavit. Furthermore, while the court held a hearing, it did not hear any testimony or take any evidence on the matter; rather, the court briefly relayed its rendition of the dispute to the parties, and informed them that if they did not settle their dispute, the court would issue a decision. Such a hearing is insufficient. See Crislip at ¶ 6. Therefore, we must conclude that the trial court erred and abused its discretion in issuing an order that modified the magistrate's decision without requiring Mr. Chester to submit a transcript or affidavit of evidence, or in the alternative, without holding an evidentiary hearing. See Crislip at ¶ 5; Weitzel at ¶ 21-22.
 {¶ 26} Accordingly, Ms. Freece's second assignment of error is sustained. We remand the case to the trial court for further proceedings consistent with this decision.
 C. First Assignment of Error
"The trial court erred in not invoking the doctrine of laches."
 Fourth Assignment of Error
"Trial court erred in granting the appreciated value of the real estate to the defendant when the defendant knew of his/her interest and did nothing to convert that interest into a cash asset."
 Fifth Assignment of Error
"The trial court erred when it did not consider the wishes of decedent, James O. Chester."
 {¶ 27} In her first, fourth, and fifth assignments of error, Ms. Freece challenges the trial court's various determinations regarding the interest of James' estate in the real estate.
 {¶ 28} Due to our determination above that the trial court erred and abused its discretion in making any such findings, it is not necessary for this Court to address these assignments of error, as the court's findings are now irrelevant. As such, these assignments of error are rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 29} Ms. Freece's third assignment of error is overruled. Ms. Freece's second assignment of error is sustained. Ms. Freece's first, fourth, and fifth assignments of error are not addressed. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, J., Concurs.