OPINION
{¶ 1} This appeal from a decision of the Fairfield County Court of Common Pleas wherein the Pro Se Appellant Lisa M. Davis appeals the July 26, 2004, decision of the Fairfield Court of Common Pleas which granted summary judgment on behalf of Appellee Asset Acceptance LLC.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} Appellant opened a Citibank credit card account on or about March 1, 1990, and was provided with a copy of Citibank's cardholder agreement and disclosure statement.
 {¶ 4} Appellant received a Citibank credit card and thereafter used and retained the account to make credit card purchases from 1990 through August 1, 1996, but failed to pay the balance due and owing.
 {¶ 5} On March 5, 1997, the account was charged off by Citibank as uncollectible.
 {¶ 6} In July of 2000 Appellant's delinquent credit card account was assigned to Appellee, Asset Acceptance LLC, for collections.
 {¶ 7} In July of 2000, in accordance with the Fair Debt Collection Practices Act, 15 USCA § 1692g(a), Appellee sent an initial communication to Appellant identifying itself as the creditor, requesting payment of the outstanding balance, plus accrued interest, and informing Appellant she had thirty days to make a request for validation. Appellant failed to make a timely request for validation.
 {¶ 8} On July 28, 2003, Appellee filed a complaint seeking judgment for the outstanding balance.
 {¶ 9} On August 18, 2003, Appellant filed a pro se pleading titled, "In Response to Summons in Civil Action".
 {¶ 10} On November 30, 2003, more than three years after receiving Appellee's notice of intent to collect on the debt, Appellant forwarded a request of validation to Appellee.
 {¶ 11} On November 21, 2003, Appellant filed a pro se Motion for Summary Judgment. Appellant argued that pursuant to Ohio Revised Code Sections 1335.02(A)(3) and 2305.09(D) her Citibank credit card account was a loan agreement requiring a fully executed loan document, signed by the debtor, and subject to a four year statute of limitations. Appellant argued that a fully executed document did not exist and that the collection action was pursued by Appellee more than four years after the cause of action accrued therefore, Appellee's collection action was prohibited.
 {¶ 12} On January 13, 2004, Appellee filed a motion for summary judgment. Appellee argued that the supporting affidavit of the assistant branch manager of the Cleveland office of Asset Acceptance LLC and the admissions by Appellant in response to discovery requests, conclusively established that Appellant retained and used the Citibank credit card to her benefit; the balance due and owing was $6,393.99 plus accrued interest in the amount of $7,879.29 through May 22, 2003, and interest thereafter at the rate of 10% per annum on the principle balance; and the balance had been assigned to Appellee for collection.
 {¶ 13} Both parties filed responsive pleadings to the motions for summary judgment.
 {¶ 14} The trial court, in a judgment entry filed on July 26, 2004, denied Appellant's request for summary judgment and granted summary judgment in favor of Appellee.
 {¶ 15} The trial court filed Findings of Fact and Conclusions of Law in support of the July 26, 2004, judgment entry. In its Findings of Fact and Conclusions of Law, the trial court stated that Appellant owed Appellee the sum of $6,393.99 plus accrued interest in the amount of $7,879.29, through May 22, 2003, and interest thereafter at a rate of 10% per annum on the principal balance for the use and retention of the credit card.
 {¶ 16} The trial court further found that Appellant did not dispute her use and retention of the Citibank credit card and that due demand was made upon Appellant for payment and Appellant refused to pay.
 {¶ 17} Finally, the trial court found that while Appellant disputed the balance owed, she relied on old statements and credit reports which the court found to have no direct relevancy to the overall amount claimed by Appellee.
 {¶ 18} Appellant timely filed a notice of appeal and set forth the following assignments of error for the Court's consideration:
 ASSIGNMENTS OF ERROR {¶ 19} "I. The trial court erred in granting summary judgment to the plaintiff when the trial court knowingly and willfully allowed extrajudicial interference.
 {¶ 20} "II. The trial court erred in granting summary judgment to plaintiff when plaintiff did not validate the purchase of the account in question.
 {¶ 21} "III. The trial court erred in granting summary judgment to plaintiff when plaintiff did not establish a legal chain of title to the account in question.
 {¶ 22} "IV. The trial court erred in granting summary judgment to plaintiff when plaintiff's affidavit attached to plaintiff's motion for summary judgment (rule 56) was not sealed by a notary PUBLIC.
 {¶ 23} "V. The trial court erred in granting summary judgment to plaintiff when plaintiff did not provide a written contract for the account in question.
 {¶ 24} "VI. The trial court erred in granting summary judgment to plaintiff when plaintiff's purported written contract is illegible, therefore inadmissible.
 {¶ 25} "VII. The trial court erred in granting summary judgment to plaintiff when plaintiff does not possess loan agreement signed by defendant.
 {¶ 26} "IV. The trial court erred in granting summary judgment to plaintiff denying defendant-appellant the jury trial for which defendant-appellant made demand and for which the defendant-appellant paid a $225.00 deposit on march 8, 2004."
 SUMMARY JUDGMENT STANDARD {¶ 27} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 28} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 29} A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
 {¶ 30} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt (1996),75 Ohio St.3d 280. The conflict must arise from irreconcilable affirmative allegations of fact appearing in the evidence and stipulations. Bruns v. Cooper Industries, Inc. (1992),78 Ohio App.3d 428, citing Celotex Corp. v. Catrett (1986),477 U.S. 317. No conflict arises from mere denials of the truth of the evidence presented by the movant. Id.
 {¶ 31} It is based upon this standard that we review Appellant's assignments of error.
 I., III., VI. {¶ 32} In Appellant's first, third and sixth assignments of error, Appellant argues that the trial court permitted extra-judicial interference; the Appellee did not establish a legal chain of title to the account in question; and the written contract presented by Plaintiff was illegible and therefore inadmissible. These substantive arguments were not raised in Appellant's motion for summary judgment or Appellant's response in opposition to Appellee's motion for summary judgment.
 {¶ 33} A party seeking summary judgment on his own behalf and contesting the opposing party's motion for summary judgment must inform the trial court and the other party of the basis of his motion and his opposition, so that the court and other party are on notice of all potential issues. De Pugh v. Sladoje (1996), 111 Ohio App.3d 675,676; Maust v. Meyers Products, Inc. (1989),64 Ohio App.3d 310. Substantive issues can not first be raised on appeal. Accordingly, we will not consider issues that Appellant did not raise in her motion for summary judgment or in her memorandum in opposition to Appellee's motion.
 {¶ 34} For these reasons, Appellant's first, third, and sixth assignments of error are overruled.
 II. {¶ 35} In Appellant's second assignment of error Appellant argues that the trial court erred by granting summary judgment in favor of Appellee after Appellee failed to validate the debt.
 {¶ 36} The Fair Debt Collection Practices Act,15 USCA § 1692g(b) states:
 {¶ 37} "(b) If the consumer notifies the debt collector in writing within the thirtyday period described in section (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or copy of a judgment, or the name and address of the original creditor and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector".
 {¶ 38} As stated by 15 USCA § 1692g(b), a consumer's debt validation right persists for only thirty days after receipt of a communication containing the validation notice. Robinson v.Transworld, 876 F.Supp. 385 (N.D.N.Y. 1995).
 {¶ 39} Appellant did not seek validation of the debt within thirty days as required by law. For this reason Appellant's Second assignment of error is overruled.
 IV. {¶ 40} Appellant argues in her fourth assignment of error that the affidavit submitted by Appellee in support of summary judgment was defective in that it was not sealed by the Notary and was therefore inadmissible.
 {¶ 41} Concerning the form of affidavits, Civ.R. 56(E) provides as follows:
 {¶ 42} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 43} After reviewing the affidavit submitted by Appellee, we find the defect to be one of form, not substance. The defect in the affidavit involves the notary's failure to imprint the affidavit with a seal and appears to be clerical error. InMid-American Nat. Bank Trust Co. V. Gymnastics Internat'l,Inc. (1982), 6 Ohio App.3d 11, the court held that substantial compliance with the acknowledgement requirement is sufficient for a valid affidavit. In Chase Manhattan Mortgage Corporation v.Locker, Montgomery App. Case No. 19904, 2003-Ohio-6665, citing,Stern v. Board of Election of Cuyahoga County (1968),14 Ohio St.2d 175, the trial court found that the notary's failure to imprint an affidavit with a seal is not a substantial defect which invalidates an affidavit.
 {¶ 44} In the present case, although the seal was omitted, the notary did sign the acknowledgment and indicated that the affidavit was signed by the affiant on January 7, 2004. This was adequate for substantial compliance, and was not misleading. The omission is not serious enough to invalidate the affidavit.
 {¶ 45} We also note that Appellant did not object, or move to strike the affidavit and has not identified how she was prejudiced by the omission of the seal. Failure to object to the court's consideration of the evidence submitted in support of a motion for summary judgment constitutes waiver of any alleged error in the consideration of the evidence. Nationwide MutualFire Insurance Co. v. Wittekind (1987), 37 Ohio App.3d 78;Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78; Cowen v. Lucas (June 30, 1997), Scioto App. No. 96CA2456; Cassidy v. U.S. Health Corp. (March 18, 1994), Scioto App. 2158. A trial court may consider evidence other than the evidence specified in Civ.R. 56(C) where no objection has been raised. Id.
 {¶ 46} For these reason Appellant's fourth assignment of error is overruled.
 V., VII. {¶ 47} Appellant's fifth and seventh assignments of error are similarly related. Appellant argues in her fifth assignment of error that Appellee failed to produce a written credit contract. Appellant argues in her seven assignment of error that Appellee improperly sought collection on a "loan agreement" Appellant's fifth and seventh assignments of error are not well taken.
 {¶ 48} Appellee provided Appellant with a credit card agreement. Pursuant to Ohio law, credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement. Bank One, Columbus, N.A. v. Palmer
(1989), 63 Ohio App.3d 491, citing Manufacturers Traders TrustCo. v. Lindauer (1987), 135 Misc.2d 132, 513 N.Y.S.2d 629. In Appellant's discovery responses she admitted to receiving a credit card agreement and using a Citibank credit card.
 {¶ 49} Pursuant to R.C. 1335.02(B) a loan agreement does not include a promise, promissory note, agreement, undertaking, or other document or commitment relating to a credit card. Appellee's cause of action involved a balance due and owing on a credit card not a loan agreement.
 {¶ 50} For these reason Appellant's fifth and seventh assignments of error are overruled.
 VIII. {¶ 51} Appellant argues in her eight assignment of error that the grant of summary judgment denied her the right to a jury trial. It is well settled that the mechanism of summary judgment, applied appropriately under reasonable conditions and procedures does not violate a party's right to a trial by jury. Sartor v.Arkansas National Gas Corp. (1944), 321 U.S. 620, 64 S.Ct. 724,88 L.Ed. 967. In this case, there is no genuine issue of material fact therefore the trial court did not err in granting Appellee's motion for summary judgment.
 {¶ 52} For this reason Appellant's eighth assignment of error is overruled.
 {¶ 53} Accordingly, for the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Boggins, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.