DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal by appellant Multilink Inc. from a judgment rendered by the Lorain County Common Pleas Court, which found appellant liable under a lease with appellee Estate of Arnold Tollett in the amount of $22,500.00. Although the trial court found appellant liable, the court failed to enter a final appealable order against appellant. As such, this Court has no jurisdiction to entertain appellant's appeal. Therefore, this Court dismisses the appeal.
 I. {¶ 2} This appeal involves the length and monthly rental amount of a lease of commercial real estate. Appellee is the owner of a parcel of commercial real estate, and which leased the property to appellant from January 1999 through January 2001.
 {¶ 3} On October 18, 2002, appellee filed suit alleging that appellant breached the lease in 2001. At a bench trial, the trial court found appellant liable for $22,500.00. The trial court held: "[i]t is the decision of this Court that Defendant Multilink Inc. owes the Plaintiff, The Estate of Arnold Tollett, the amount of Twenty Two Thousand Five Hundred and 00/100 Dollars ($22,500.00)." Thereafter, appellant appealed the trial court's determination.
 {¶ 4} Before reaching the merits of appellant's appeal, this Court must first determine whether we have jurisdiction to hear the appeal. Section 3(B)(2), Article IV, Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of inferior courts. If an order is not final, this Court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini (1996), 115 Ohio App.3d 688, 692;Lyall v. Gerber, 9th Dist. No. 21405, 2003-Ohio-3590 at ¶ 5.
 {¶ 5} In this case, neither party has raised the issue of whether the trial court's order is final and appealable. However, even if the parties do not raise the jurisdictional issue, this Court is required to raise it sua sponte. Lyall at ¶ 5.
 {¶ 6} For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 16. In Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, this Court adopted the definition of a final judgment as "the final determination of a court of competent jurisdiction upon matters submitted to it." Id. at 214, citing State ex rel. Curran v. Brookes (1943),142 Ohio St. 107, paragraph two of the syllabus. This Court concurred that "[a] final judgment is one which determines the merits of the case and makes an end to it." Harkai,136 Ohio App.3d at 214, citing Curran, 142 Ohio St. 107, at 110. A final judgment operates to divest some right such as to put it beyond the power of the trial court to place the parties in their original condition. Harkai, 136 Ohio App.3d at 214. As a result, the case is no longer in that court and is final in all matters. Id. See, also, Chester v. Chester, 9th Dist. No 22072,2004-Ohio-6264.
 {¶ 7} In determining whether a judgment is final, this Court must ascertain whether the trial court stated that relief is being afforded appellant. Harkai, 136 Ohio App.3d at 215. "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Id.
 {¶ 8} In Lyall, the trial court stated that "[u]pon review of the motion, the court finds in favor of the plaintiff on the issues addressed in said motion. This is a final appealable order, as there is no just reason for delay." Lyall at ¶ 8. This Court found that judgment entry was not final because it did not expressly declare the rights and duties of the parties. Id. at ¶ 9.
 {¶ 9} In the case at bar, the trial court stated "[i]t is the decision of this Court that Defendant Multilink Inc. owes the Plaintiff, The Estate of Arnold Tollett, the amount of Twenty Two Thousand Five Hundred and 00/100 Dollars ($22,500.00)." This judgment is deficient, because it does not contain a statement of relief that is being afforded to appellant. It merely states that the trial court finds in favor of appellant. Consequently, it is not a final appealable judgment which this Court can properly consider on appeal.
 {¶ 10} Because appellant has not appealed from a final appealable order, the appeal is dismissed for lack of jurisdiction. This dismissal does not prejudice any future right that the parties have to appeal from any final appealable order that the trial court enters.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Baird, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)