CITIBANK

v.

KOVACH.

2010-Ohio-3055.]

Court of Common Pleas of Ohio,
Medina County.

No. 09CIV0907.

Decided March 10, 2010.

Javitch, Block, & Rathbone and Melissa A. Hager, for plaintiff.

Mark E. Kovach, pro se.

_____

KIMBLER, Judge.

{¶ 1} Plaintiff, Citibank, initiated this action on May 11, 2009, against defendant, Mark E. Kovach, for damages in the amount of $20,569.06 resulting from defendant's alleged failure to pay on two Citibank credit-card accounts. Plaintiff is the creditor and issuer of the credit cards.

{¶ 2} Defendant filed an answer on June 11, 2009. He also filed a motion to dismiss based on his assertion that plaintiff could not provide valid proof of its claim, nor could it prove that it had defendant's authorized signature agreeing that a claim exists with Citibank. The court denied the motion to dismiss and set the case for trial.

{¶ 3} The trial was held before Magistrate Barbara Porzio. The magistrate filed her decision on December 12, 2009, and copies were served in accordance with Civ.R. 53. Defendant filed timely objections on January 4, 2010, but did not file a transcript of the hearing.

{¶ 4} The case is now before the court for a ruling on the magistrate's decision. Having reviewed the decision and considered the objections of defendant, the court hereby overrules his objections and adopts the decision in its entirety, including the findings of fact and conclusion of law set forth therein.

## Discussion

{¶ 5} Civ.R. 53(D)(3)(b)(iii) governs objections to a magistrate's factual findings. It states: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Thus, pursuant to Civ.R. 53, an objecting party is required to provide a transcript to support his objections to a magistrate's findings of fact, if a transcript is available. *Crislip v. Crislip*, 9th Dist. No. 03CA0112–M, 2004-Ohio-3254, 2004 WL 1397964, at ¶ 5 (citing the prior version of Civ.R. 53). If the party fails to do so, a trial court's review is limited to the legal conclusions in light of the facts found by the magistrate, unless the trial court holds further hearings. Id., citing *Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822, 2003 WL 22956521, at ¶ 18. "[I]n the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." *Crislip* at ¶ 6.

{¶ 6} In the case now before the court, the court reporter made a record of the hearing before the magistrate. The testimony of the witness and defendant's statements on the record were available for transcription. Defendant was required to provide the court with a transcript of the evidence presented at trial. He failed to do so despite the plain language in Civ.R. 53. Given that defendant did not provide a transcript, the court accepts the magistrate's finding of facts without exception.

{¶ 7} The court has reviewed the magistrate's decision and the documents admitted into evidence to determine whether there is an error of law or other defect evident on the face of the decision.

{¶ 8} The documentary evidence before the court includes copies of the following: monthly account statements for the account ending in number 9344, detailing account activity from March 2001 through July 2009; monthly account statements for the account ending in number 9271, detailing account activity from March 2001 through July 2009; the credit-card agreements for both accounts; proof that defendant made payments on the accounts; and the forms and rules a card holder may use to dispute any charges made to the accounts.

{¶ 9} Defendant's objections deal primarily with the sufficiency of the evidence that plaintiff presented in support of its claims and legal arguments regarding the nature of credit-card claims in general.

■ {¶ 10} First, defendant argues that the magistrate violated Civ.R. 16 by talking to the parties about settlement before commencing the trial. He claims that he did not have notice of the "mediation." The court finds that the magistrate's actions in discussing a settlement or compromise between the parties before trial do not constitute mediation. It is not error for the magistrate to talk to the litigants before taking evidence. Defendant's first objection is overruled.

■ {¶ 11} Second, defendant states, "Plaintiff has never rebutted Mark Kovach's affidavit which was filed with the Court on October 15, 2009. An unrebutted affidavit is **Truth in Commerce.**" (Boldface sic.) The court has reviewed the affidavit filed on October 15, 2009, to which defendant refers in this objection; it was attached to his motion to dismiss. Although defendant claims that plaintiff did not "rebut" his affidavit, a review of the docket shows that on October 26, 2009, plaintiff filed a brief in opposition to defendant's motion to dismiss. In this brief, plaintiff rebuts all of the allegations in defendant's affidavit. The court therefore concludes that defendant's claim that plaintiff has never rebutted the statements in his affidavit is simply not true.

{¶ 12} Third, defendant states, "The Plaintiffs [sic] evidence is only an accounting of an account allegedly used by Mark Kovach, which Jay Guenther, witness for the Plaintiff testified to at trial." In this objection, defendant seems to be challenging the legal sufficiency of the monthly statements that detail the activity on the accounts.

{¶ 13} In *Natl. Check Bur. v. Ruth*, 9th Dist. No. 24241, 2009-Ohio-4171, 2009 WL 2516123, ¶ 6, the Ninth District held as follows:

{¶ 14} "In order to establish a prima facie case for money owed on an account, ' "an account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." ' *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684, quoting *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 223 N.E.2d 373, paragraph three of the syllabus. '[A]n action upon an account may be proved by the introduction of business records showing the existence of the account.' *Wolf Automotive v. Rally Auto Parts, Inc.* (1994), 95

Ohio App.3d 130, 137, 641 N.E.2d 1195. See, generally, *Raymond Builders Supply, Inc. v. Slapnicker*, 11th Dist. No. 2003–A–0040, 2004-Ohio-1437[, 2004 WL 574425], at ¶ 8."

{¶ 15} The court has reviewed the voluminous documents admitted into evidence, including the monthly statements for both of the accounts that are the subject of this action. The statements show the name and address of the creditor (plaintiff), the name and address of the debtor (defendant) and the account numbers. Furthermore, the statements begin with a zero balance, show an itemized list of charges, payments and credits, the total balance, periodic finance charges, fees, minimum amount due, and a payment due date. There is no evidence before the court to deny or dispute the existence of the account or the amount owed. Rather, defendant alleges that Citibank cannot prove the elements of its claim. Contrary to defendant's position, this court finds that plaintiff's evidence is sufficient to establish, by a preponderance of the evidence, both the existence of both accounts and the amount defendant owes under the accounts.

{¶ 16} Fourth, defendant states, "Although an affidavit is not required to file a complaint, the fact remains that the Plaintiff has never filed an affidavit stating that their [sic] is a debt owed or that a contract exists." The court is at a loss to understand exactly what defendant is objecting to here, but if defendant is arguing that plaintiff is required to file an affidavit to prove its case, this contention is simply not valid law. At trial, plaintiff proved its case through the use of documents and the testimony of a witness. Plaintiff is not required to file an *affidavit* stating that a debt is owed or that a contract exists when it has proved its case by evidence admitted at trial. Defendant's objection that plaintiff failed to file an affidavit is overruled.

{¶ 17} Fifth, defendant states, "Plaintiff never established that Mark Kovach entered into [a] contract with Citibank credit cards as no contract with signature was provided as evidence and that Plaintiffs [sic] Exhibit F only alluded to the fact that card agreements exist." In this objection, defendant argues that because plaintiff did not produce a *signed* copy of the credit-card agreement, plaintiff failed to prove the elements of a contract. The court disagrees.

{¶ 18} Under Ohio law, a cardholder becomes liable for charges made on a credit card *by using the credit card itself. Chase Bank USA v. Lopes*, 8th Dist. No. 91480, 2008-Ohio-6000, 2008 WL 4950985, at ¶ 10. A cardholder's use of a credit card subjects him to a binding contract, which is governed by the terms of the credit-card agreement. *Am. Express v. Silverman*, 10th Dist. No. 06AP–338, 2006-Ohio-6374, 2006 WL 3491741, at ¶ 9. In *Asset Acceptance L.L.C. v. Davis*, 5th Dist. No. 2004-CA-00054, 2004-Ohio-6967, 2004 WL 2940747, at ¶ 48,

the Fifth District Court of Appeals held that a creditor need not produce a signed credit-card application to prove the existence of a legally binding agreement because the credit-card agreement created one. The court therefore concludes that plaintiff did not need to produce a signed copy of the card agreement to prove it had a legally binding contract with defendant.

{¶ 19} In this case, plaintiff submitted into evidence copies of the credit-card agreements for both accounts. The agreements contain identical language, as follows:

{¶ 20} "You agree to use your account in accordance with this Agreement. This Agreement is binding on you unless you cancel your account within 30 days after receiving the card and you have not used or authorized use of the card. You must pay us for all amounts due on your account as specified in this Agreement. * * *

{¶ 21} "Each month you must pay at least the Minimum Amount Due by the payment due date."

{¶ 22} The court notes that nowhere in his objections does defendant deny that he used the card, nor does he dispute any of the specific charges listed on the statements. Rather, he claims that plaintiff did not present the proper proof of the account.

{¶ 23} The magistrate made a finding of fact that defendant used the credit cards. The court has adopted this finding as valid. The documentary evidence before the court established that plaintiff issued the credit cards to defendant. The monthly billing statements, in plaintiff's exhibits A and E, demonstrate defendant's use of the credit card for purchases and balance transfers. By its use, defendant became bound by the terms and conditions set forth in the cardmember agreement. Thus, the cardmember agreement is a "legally binding agreement" between the parties. *Asset Acceptance L.L.C.*, 2004-Ohio-6967, 2004 WL 2940747.

{¶ 24} The evidence showed that a contract existed between the parties, that defendant breached the contract, and that plaintiff was damaged as a result thereof. It is clear from defendant's use of the cards, the agreements, and the monthly statements that plaintiff provided sufficient evidence of the account and has met its burden of proof to show the amount owed. Therefore, defendant's objection regarding plaintiff's failure to prove a signed contract is overruled.

{¶ 25} Sixth, defendant argues, "It is quite apparent that the Plaintiffs [sic] counsel nor Citibank have any original documents to prove they're [sic] claim that Mark Kovach owes a debt and are relying on documents generated off a computer screen." In this objection, defendant argues that the monthly state-

ments should not be considered by the trial court because they do not qualify as the "best evidence" of the charges made to the credit card.

{¶ 26} The "best evidence rule" provides, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules * * *." Evid.R. 1002. The "best evidence rule" rests on the fact that an original writing is more reliable, complete and accurate as to its contents and meaning. But the original is not required, and other evidence of the contents of a writing is admissible if (1) all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith, (2) the original is not obtainable, (3) the original is in possession of the opponent, or (4) the writing, recording, or photograph is not closely related to a controlling issue. Evid.R. 1004.

{¶ 27} The court takes judicial notice that the original monthly billing statements generated by credit-card companies are sent to the cardholder. Given this fact, the original statements were not obtainable by plaintiff. The court finds that Evid.R. 1004 applies in this case. Citibank accounts are maintained in an electronic database; therefore there are no "original documents" constituting the account. *Citibank (South Dakota) v. Lesnick*, 11th Dist. No. 2005–L–013, 2006-Ohio-1448, 2006 WL 763078, ¶ 14, fn. 1. The rules of evidence do not require the original writing if the original is not obtainable. In those cases, other evidence to prove the contents of a writing is admissible.

{¶ 28} The court finds that plaintiff is not required to produce the original monthly billing statements in this case. Defendant submitted no evidence that the monthly statements are incorrect. There is no evidence in the record to show that the statements were not accurate and did not contain the same information as the original monthly statements sent to defendant between 2001 and 2009. Defendant never denied that the Citibank accounts were his accounts and that he made charges to the account. He never disputed any charges from those statements. Based on the foregoing, the court finds that the documentary evidence presented at trial satisfies the "best evidence rule" and adequately established the essential elements of plaintiff's cause of action.

{¶ 29} Seventh, defendant argues, "Plaintiff has failed to introduce a properly executed assignment of debt to show its standing in law [* * *]." The court acknowledges that when an assignee is attempting to collect on an account, the assigned must allege and prove the assignment. In other words, in order to prevail, the assignee must prove that it is the real party in interest for purposes of bringing the action. *Natl. Check Bur. v. Ruth*, 2009-Ohio-4171, 2009 WL 2516123, at ¶ 6.

{¶ 30} In this case, the evidence before the court shows that the two accounts that are the subject of the complaint have always been owned by Citibank. Citibank is the plaintiff. There is no evidence in the record that the defendant's account was ever assigned by Citibank to any other entity. Defendant's argument that plaintiff's claim should fail because it failed to show proof of an assignment of the debt is overruled.

{¶ 31} Having considered each of defendant's objections, the court hereby concludes that there are no errors of law in the magistrate's decision.

{¶ 32} It is therefore ordered, adjudged, and decreed that plaintiff is granted a judgment against defendant, Mark E. Kovach, in the amount of $20,569. This judgment shall accrue statutory interest at the rate of four percent commencing the date of judgment.

{¶ 33} Defendant's motion to dismiss is denied.

{¶ 34} Defendant shall pay the court costs of this action, for which judgment is rendered and execution may issue.

Judgment accordingly.