[Cite as *United States of Am. v. Myers*, 2016-Ohio-7817.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | C.A. No. 15CA0105-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. MYERS, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellees | | CASE No. 14CIV1300 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2016

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, the United States of America acting through the Rural Development, United States Department of Agriculture ("USDA"), appeals the judgment of the Medina County Court of Common Pleas granting judgment in favor of Defendants-Appellees, David and Tracie Myers, on its foreclosure claim. For the reasons set forth below, we affirm the trial court's judgment.

I.

{¶2} On December 30, 2002, David Myers executed a promissory note in the amount of $127,900.00 at an annual interest rate of 6.00% in order to purchase real estate situated in the village of Chippewa Lake, Ohio. On the same day, Myers executed a subsidy repayment agreement, which entitled the government to recoup the subsidy paid on Myers' behalf in the event of foreclosure. Myers and his wife, Tracie, also signed a mortgage securing the promissory debt to the property. Myers ultimately defaulted on the promissory note in 2010.

{¶3}     On December 5, 2014, the USDA filed a foreclosure action in the Medina County Court of Common Pleas against David and Tracie Myers,[1] as well as John Burke, the Medina County Treasurer.[2]  The Myerses filed an answer denying the allegations set forth in the USDA's complaint.

{¶4}     The matter ultimately proceeded to a bench trial, which was held on September 10, 2015, before a magistrate.  At the conclusion of the bench trial, the magistrate admitted all of the USDA's proposed exhibits into evidence except for one.  Specifically, the magistrate sustained the Myers' objection as it pertained to the admissibility of Plaintiff's Exhibit 6, a non-original, uncertified copy of the purported mortgage document.  Consequently, Plaintiff's Exhibit 6 was not admitted into evidence.

{¶5}     On October 1, 2015, the magistrate issued a decision finding that the promissory note signed by Myers was in default.  As such, the magistrate granted judgment in favor of the USDA and against Myers in the amount of $148,050.78 plus interest at the default rate of 6.00%, plus advances for taxes and insurance.  However, because the mortgage was not admitted into evidence, the magistrate granted judgment in favor of the Myerses as to the USDA's foreclosure claim.  The USDA filed a timely objection to the magistrate's decision on October 15, 2015, arguing that the magistrate erred by not admitting a copy of the mortgage into evidence.  The trial court held a non-oral hearing on the USDA's objection to the magistrate's decision.  On November 24, 2015, the trial court overruled the USDA's objection and adopted the magistrate's decision.

---

[1] The USDA included Tracie Myers in the lawsuit because she has a dower interest in the property.

[2] The USDA included the Medina County Treasurer in the lawsuit, alleging that he "may have a claim for real estate taxes."

**{¶6}** USDA filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it failed to admit a copy of a mortgage into evidence, thus granting in favor of the Defendants as to the foreclosure of their mortgage.**

**{¶7}** In its sole assignment of error, the USDA argues that the trial court erred by not admitting the copy of the mortgage into evidence. We disagree.

**{¶8}** A trial court possesses broad discretion with respect to the admission of evidence. *State v. Ditzler*, 9th Dist. Lorain No. 00CA007604, 2001 WL 298233, *2 (Mar. 28, 2001), citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). The Supreme Court of Ohio has held that "[t]he admission of such evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Diar*, 120 Ohio St.3d 460, 2008–Ohio–6266, ¶ 66, citing *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 62. An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, we may not simply substitute our own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶9}** In declining to admit Plaintiff's Exhibit 6 in the present case, the magistrate made a specific finding of fact determining that the USDA presented insufficient evidence to authenticate the copy of the mortgage document. In its objection to the magistrate's opinion, the USDA argued that the magistrate's refusal to admit this exhibit was error, as the copy of the mortgage should have been admitted into evidence pursuant to Evid.R. 902(8), which states that

"[d]ocuments accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments" are self-authenticating.

{¶10} However, although a transcript was prepared for purposes of appeal, we are precluded from reviewing it in this case because the transcript was not filed with the trial court. *Lewis v. Savoia*, 9th Dist. Summit No. 17614, 1996 WL 490256, *2 (Aug. 28, 1996), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). Additionally, this Court has held that "in the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." *Crislip v. Crislip*, 9th Dist. Medina No. 03CA0112-M, 2004-Ohio-3254, ¶ 6. "In such a case, the trial court may only examine the ultimate legal conclusions in light of the facts found by the magistrate." *Id*. Where no transcript or affidavit is provided, appellate review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *Duncan* at 730.

{¶11} After a thorough review of the record, we determine that the trial court did not abuse its discretion by overruling the USDA's objection and adopting the magistrate's decision. In his decision, the magistrate specifically found that the USDA failed to authenticate the copy of the mortgage, as "there was no testimony [that] the [USDA's] witness compared the copy [of the mortgage] to the original mortgage and the copy is not certified as correct by the county recorder." Although the USDA filed a timely objection to the magistrate's decision, it did not file a transcript of the proceedings with the trial court. As such, the trial court was obligated to adopt the magistrate's factual findings. *See Crislip* at ¶ 6. We therefore conclude that the trial court did not err by overruling the USDA's objection and adopting the magistrate's decision.

**{¶12}** The USDA's assignment of error is overruled.

III.

**{¶13}** With the USDA's sole assignment of error having been overruled, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

REBECCA A. SMITH, Attorney at Law, for Appellant.

BRUCE HALL, Attorney at Law, for Appellee.