[Cite as *Amstutz v. Amstutz*, 2017-Ohio-7909.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| JINA F. AMSTUTZ | | C.A. No. 16AP0027 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EUGENE W. AMSTUTZ | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 12-DR-0396 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

TEODOSIO, Judge.

{¶1} Mr. Eugene Amstutz appeals the order of the Wayne County Court of Common Pleas adopting the Magistrate's Decision and entering judgment against Mr. Amstutz and in favor of the appellee, Ms. Jina Amstutz. This Court affirms.

I.

{¶2} In September 2012, Ms. Amstutz filed her complaint for divorce with the trial court, and on January 17, 2014, a decree of divorce was entered. In October 2015, Ms. Amstutz filed her amended motion for judgment against defendant in executable form, alleging that Mr. Amstutz had not paid certain obligations required under the decree of divorce and requesting a judgment against him. On February 24, 2016, a magistrate's decision was entered and adopted by the trial court, granting Ms. Amstutz's motion and awarding judgment against Mr. Amstutz in the amount of $57,620.88, plus interest. Mr. Amstutz subsequently filed objections to the

magistrate's decision, which were overruled by the trial court on April 21, 2016. Mr. Amstutz now appeals, raising one assignment of error.

## II.

## ASSINGMENT OF ERROR

{¶3} Mr. Amstutz's brief to this Court contains a "statement of the assignment of errors," which makes a series of related arguments as outlined below.

{¶4} Mr. Amstutz first argues the trial court erred in granting Ms. Amstutz's amended motion for judgment against defendant in executable form because it "contradicts" the decree of divorce. He contends that the language of the decree of divorce, which provided that "[t]he 8.5 acres is awarded to [Mr. Amstutz] free and clear of any claims of [Ms. Amstutz,]" was contradicted by the magistrate's decision, which noted: "[Ms. Amstutz] wants to obtain a judgment against [Mr. Amstutz] and then levy against his property to obtain funds to satisfy the debts." Likewise, Mr. Amstutz argues the trial court erred in granting Ms. Amstutz's amended motion for judgment because it was an unlawful modification of the property division not agreed to by the parties and was entered without the trial court having reserved jurisdiction to modify the property division. Finally, Mr. Amstutz argues the trial court erred by allowing Ms. Amstutz to proceed with her amended motion for judgment rather that requiring her to file a contempt of court action. We disagree with these arguments.

{¶5} "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219

(1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} The judgment in question is a money judgment and not an award of property. It was awarded by the trial court because of Mr. Amstutz's alleged failure to pay obligations as required by the divorce decree, and not as a modification of the division of property. Likewise, the enforcement of a judgment by a creditor through the use of a levy or a lien is a separate proceeding from the division of marital property, and is not a modification of the division of property. Consequently, neither the judgment nor the potential enforcement of the judgment contradicts or modifies the decree of divorce.

{¶7} Finally, we note that Mr. Amstutz offers no argument or law in support of his statement that the trial court erred by allowing Ms. Amstutz to proceed with her amended motion for judgment rather than with a contempt of court action. The Supreme Court of Ohio has noted, "though a divorce decree is a final judgment, any unpaid and delinquent installments must be reduced to a lump-sum judgment before an execution can be levied upon the monies owing." *Dunbar v. Dunbar*, 68 Ohio St.3d 369, 370 (1994). Mr. Amstutz has failed to provide us with any theory as to why it was improper for Ms. Amstutz to elect judgment rather than a motion for contempt. "It is not this Court's duty to create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8. This Court declines to chart its own course when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7.

{¶8} We conclude that the trial court was not unreasonable, arbitrary, or unconscionable in granting Ms. Amstutz's amended motion for judgment against defendant in

executable form, and did not abuse its discretion in entering judgment against Mr. Amstutz. Mr. Amstutz's assignment of error is overruled.

### III.

{¶9} Mr. Amstutz's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

EUGENE W. AMSTUTZ, pro se, Appellant.

R. J. HELMUTH, Attorney at Law, for Appellee.