[Cite as *Reisinger v. Reisinger*, 2019-Ohio-2268.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

EDWIN C. REISINGER

     Appellant

     v.

CLAUDIA E. REISINGER
(n/k/a/ Simonson), et al.

     Appellee

C.A. No.     18CA011444

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     07DR067915

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Edwin Reisinger, appeals an order of the Lorain County Court of Common Pleas, Domestic Relations Division, that found him in contempt and appointed a receiver. This Court affirms in part and reverses in part.

I.

{¶2} Mr. Reisinger and Claudia Simonson, f.k.a. Reisinger, divorced in 2008 after twenty-eight years of marriage. The parties' two children were emancipated, and the parties entered into a settlement agreement that resolved all of the issues related to the division of their property and to spousal support. The terms of that agreement, which the trial court incorporated into the divorce decree, required Mr. Reisinger to pay Ms. Simonson the sum of $310,000 and set forth a payment schedule under which the full amount of the debt would be paid in ten years by means of a series of annual and monthly installments commencing July 1, 2008.

{¶3} Within four months, Ms. Simonson filed her first of many motions alleging that Mr. Reisinger was in contempt of the divorce decree. For a few years, Mr. Reisinger made inconsistent payments—falling into contempt, then meeting the purge conditions. He made no payments in 2013 or 2014. On November 24, 2014, the parties resolved a pending motion for contempt by memorializing a revised payment plan that the trial court incorporated into a journal entry. At that time, the parties agreed that $217,300 remained due under the divorce decree.

{¶4} On October 18, 2017, Ms. Simonson filed another motion for contempt against Mr. Reisinger, arguing that he had failed to make any payment since May 2016 and that the balance remaining under the terms of the settlement memorialized in the divorce decree was $204,300. Ms. Simonson also moved for the appointment of a receiver to sell a parcel of property that Mr. Reisinger had recently acquired by inheritance ("the inherited property") and to add RCE Farm LLC, an entity solely owned by Mr. Reisinger into which he had transferred title of that property, as a third-party defendant.

{¶5} The trial court's magistrate issued an "emergency order[]" on October 20, 2017, that purported to join RCE Farm LLC as a party and restrained Mr. Reisinger from selling, alienating, or encumbering the property at issue. That order, which was captioned as a judgment entry rather than a magistrate's order, was signed only by the magistrate. The trial court did not enter judgment joining RCE Farm LLC as a party at that time.

{¶6} On July 6, 2018, the magistrate issued a decision concluding that Mr. Reisinger was in contempt of the divorce decree and the November 24, 2014, order, recommended a sentence, and set purge conditions for the contempt. The magistrate's order also provided that

Ms. Simonson's motion for a receiver was granted and, on the same date, the trial court issued a separate judgment entry appointing the receiver and setting forth the terms of the receivership.[1]

{¶7} Mr. Reisinger filed objections to the magistrate's decision related to contempt and to the decision granting the motion to appoint the receiver. He also objected to the magistrate's October 20, 2017, entry that purported to join RCE Farm LLC as a party. On November 15, 2018, the trial court overruled each of the objections and entered judgment finding Mr. Reisinger in contempt of the divorce decree and the November 20, 2014, order. The trial court sentenced him to thirty days in jail, but suspended the sentence and provided Mr. Reisinger the opportunity to purge the contempt by "complying with the former payment arrangement and cooperating with the appointed Receiver * * * in relation to the sale of" the inherited property. The trial court also restated that the motion for a receiver was granted, referencing the judgment entry of July 6, 2018. The trial court did not order the joinder of RCE Farm LLC in its judgment entry, although it did resolve Mr. Reisinger's objection related to that issue.

{¶8} Mr. Reisinger appealed the November 15, 2018, judgment. His four assignments of error are rearranged for purposes of discussion.

II.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ABUSED ITS DISCRETION BY INCLUDING RCE [FARM] LLC AS A PARTY, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

---

[1] The July 6, 2018, magistrate's decision bears that caption in capital letters, is signed by the magistrate, and informs the parties of their opportunity to file objections, as required by Civ.R. 53(D)(3)(a)(iii). Although it also bears a handwritten signature line beneath the magistrate's decision and the trial court's initials, that order did not "enter judgment" for purposes of Civ.R. 53(D)(4)(e)(i).

{¶9} Mr. Reisinger's third assignment of error argues that the trial court abused its discretion by adding RCE Farm LLC as a party because joinder was not permitted under Civ.R. 75(B). The merits of Mr. Reisinger's argument are premature, however, because RCE Farm LLC has not been joined as a party.

{¶10} Civ.R. 53(D) provides for two types of action that may be taken by a magistrate. Civ.R. 53(D)(2)(a)(i) describes a "magistrate's order," which may be entered "without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." A magistrate's order must be identified as such in the caption and must be signed by the magistrate and filed and served by the clerk of courts. Civ.R. 53(D)(2)(a)(ii). A magistrate's order may be set aside by a motion directed to the trial court. Civ.R. 53(D)(2)(b).

{¶11} A "magistrate's decision" is permitted by Civ.R. 53(D)(3). Unlike a magistrate's order, a magistrate's decision requires action by the trial court. *See generally* Civ.R. 53(D)(4). "Once a magistrate's decision has been filed and served upon the parties, the trial court must then act upon the decision. * * * Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided." *Harkai v. Scherba Indutries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000). A party must preserve error in connection with a magistrate's decision by filing timely objections with the trial court. *See* Civ.R. 53(D)(3)(b). A notation to this effect is among the requirements provided by rule for the form of a magistrate's decision:

> Form; filing, and service of magistrate's decision. A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R.

53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(a)(iii).

{¶12} The October 20, 2017, entry that purported to join RCE Farm LLC as a party was captioned as a judgment entry, but signed by the magistrate with the handwritten notation "Magistrate" beneath the printed signature line. As such, it did not comply with Civ.R. 53(D)(2)(a)(ii) by identifying itself as a magistrate's order that could be set aside upon motion directed to the trial court. At the same time, the entry did not purport to be a magistrate's decision or inform Mr. Reisinger of his obligation to preserve error by filing objections. Perhaps as a result of this confusion, Mr. Reisinger included an objection related to this entry with his objections to the magistrate's July 6, 2018, decision. Although the trial court ruled on that objection, it did not separately enter judgment joining RCE Farm LLC as a party in its judgment entry dated November 15, 2018.

{¶13} Consequently, RCE Farm LLC has not been joined as a party to this action, either by an independent action of the magistrate under Civ.R. 53(D)(2)(a)(i) or by the trial court's action on a magistrate's decision under Civ.R. 53(D)(4). Mr. Reisinger's third assignment of error is sustained only to the extent that the record demonstrates that RCE Farm LLC was not, in fact, joined as a party. The merits of his argument are premature for that reason.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT IT WOULD BE APPROPRIATE TO APPOINT A REC[E]IVER FOR THE SALE OF THE INHERITED HOME, AGAINST THE MANIF[]EST WEIGHT OF THE EVIDENCE.

{¶14} In his second assignment of error, Mr. Reisinger argues that the trial court abused its discretion by appointing a receiver to sell the inherited property held by RCE Farm LLC

because the property was acquired by Mr. Reisinger after the divorce and was held by a third party. The merits of Mr. Reisinger's second assignment of error are intertwined with joinder of RCE Farm LLC. *See generally Yidi, L.L.C. v. JHB Hotel, L.L.C.*, 8th Dist. Cuyahoga No. 103872, 2016-Ohio-6955, ¶ 14-15 (recognizing that a receiver's authority is limited to parties); *FirstMerit Bank, N.A. v. Washington Square Ents.*, 8th Dist. Cuyahoga No. 88798, 2007-Ohio-3920, ¶ 14-15 (concluding that the trial court lacked jurisdiction to appoint a receiver over a limited liability corporation that was not a party to the underlying litigation). The merits of Mr. Reisinger's second assignment of error are, therefore, premature at this time.

## ASSIGNMENT OF ERROR NO. 1

> THE TRIAL COURT ABUSED ITS DISCRETION BY INCLUDING [THE INHERITED PROPERTY] IN ANY ORDER, AGAI[NS]T THE [MANIFEST] WEIGHT OF THE EVIDENCE, AS THIS PROPERTY IS A SEPARATE PROPERTY ACQU[IR]ED AFTER THE DECREE OF DIVORCE.

{¶15} Mr. Reisinger's first assignment of error argues that the trial court erred by modifying the property division post-decree to include the inherited property as a marital asset.

{¶16} Once a divorce decree has been entered, a domestic relations court has the power to enforce that judgment and to "'clarify and construe its original property division so as to effectuate its judgment.'" *Ross v. Ross*, 9th Dist. Lorain No. 11CA010091, 2012-Ohio-5565, ¶ 5, quoting *Borzy v. Borzy*, 9th Dist. Medina No. 3185–M, 2001 WL 1545676, *2 (Dec. 5, 2001). When a separation agreement that is incorporated into a divorce decree provides that the trial court has continuing jurisdiction to modify the property division, the trial court may do so by means of Civ.R. 60(B). *See Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 44-46, citing *In re Whitman*, 81 Ohio St.3d 239, 239-240 (1998).

{¶17} In this case, however, the trial court's actions constituted enforcement of the property division that the parties agreed upon, not a modification of the property division under

Civ.R. 60(B). *Compare Amstutz v. Amstutz*, 9th Dist. Wayne No. 16AP0027, 2017-Ohio-7909, ¶ 6 (concluding that an order that reduced the unsatisfied amount of a property division to judgment "is a money judgment and not an award of property * * * awarded by the trial court because of [the judgment debtor's] alleged failure to pay obligations as required by the divorce decree, and not as a modification of the division of property."). Although this Court has determined that Mr. Reisinger's assignment of error with respect to the scope of the receivership over the inherited property is premature at this time, his characterization of the trial court's action as a modification of the property division is incorrect. His first assignment of error is overruled solely on that basis.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT['S] DETERMINATION THAT APPELLANT HAS THE ABILITY TO PAY IS AGAINST THE MA[]NIFEST WEIGHT OF THE EVIDENCE.

{¶18} In his fourth assignment of error, Mr. Reisinger has argued that the trial court erred by determining that he had not demonstrated inability to pay as a defense to contempt. This Court does not agree.

{¶19} Once a movant establishes a prima facie case of contempt, a contemnor may assert inability to pay as a defense. *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12. Inability to pay must be proved by the contemnor. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, ¶ 20, citing *State ex rel. Cook v. Cook*, 66 Ohio St. 566, 570 (1902). This allocation of the burden of proof is reasonable because "'[t]he defendant's financial condition and ability to pay [are] peculiarly within his own knowledge. They could not be known with the same certainty to the complainant, nor could she easily produce evidence to maintain the proposition were the burden of proof placed upon her.'" *Liming* at ¶ 20, quoting *Cook* at 571.

This Court reviews contempt decisions, including those related to inability to pay, for an abuse of discretion. *See Henry* at ¶ 12. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶20} In this case, the trial court noted that Mr. Reisinger stopped making payments to Ms. Simonson entirely in May 2016 when, according to his testimony before the magistrate, the production cost of milk exceeded the market price. The trial court also observed that although Mr. Reisinger continuously farmed from May 2016 through the date of the hearing, "the evidence did not reflect any good-faith or bona fide attempts by [him] to make, at minimum, even nominal payments[.]" The trial court noted that although Mr. Reisinger presented testimony regarding the farming industry, he did not present evidence regarding his current financial situation in the form of financial statements or documentation of his income and expenses. On this basis, the trial court determined that the magistrate was correct in concluding that Mr. Reisinger had failed to establish inability to pay as a defense to contempt.

{¶21} As the trial court emphasized, Mr. Reisinger did not introduce documentation regarding his past or present income and expenditures. He did testify in general terms about the state of the farm industry and its effects on his own farm, noting that he was currently operating at a loss of four dollars per hundred weight of milk and that he would not be able to bring beef cattle to market for another two years. Mr. Reisinger also testified that the former marital home, although currently in foreclosure, was encumbered by a mortgage of approximately $900,000 with an estimated value of approximately $1.2 million. He also testified that the inherited property was transferred into a limited liability corporation under his exclusive control and that

the property was worth approximately $200,000, subject to a tax lien in the amount of $7,000. Mr. Reisinger stated that he was unable to use the value of the inherited property to satisfy his debt to Ms. Simonson because he was "not selling it."

**{¶22}** Having reviewed the evidence before the trial court, this Court cannot conclude that the determination that Mr. Reisinger failed to prove inability to pay as a defense to contempt was an abuse of discretion. Mr. Reisinger's fourth assignment of error is overruled.

### III.

**{¶23}** Mr. Reisinger's first and fourth assignments of error are overruled. His third assignment of error is sustained based solely on the rationale articulated in this opinion. In light of our resolution of the third assignment of error, the second assignment of error is premature. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRANDON G. OLIVER, Attorney at Law, for Appellant.

JOHN J. GILL, Attorney at Law, for Appellee.