DECISION AND JOURNAL ENTRY
{¶ 1} Appellee/Cross-Appellant, Joseph Oliver, Co., appeals from the judgment of the Summit County Court of Common Pleas awarding it damages, but denying it prejudgment interest.[1] This Court affirms.
 I. {¶ 2} Appellee filed a complaint for damages against appellant in Barberton Municipal Court. In its complaint, appellee alleged that appellant had failed to pay for legal services provided by appellee. Appellant filed a counterclaim against appellee, alleging legal malpractice, seeking damages greater than the jurisdictional amount of the municipal court. Accordingly, the matter was transferred to the Summit County Court of Common Pleas.
 {¶ 3} On July 2, 2003, the trial court dismissed appellant's counterclaim and granted appellee's motion for summary judgment with respect to appellant's liability only. Appellant appealed that order and this Court dismissed the appeal because the trial court had not yet awarded damages. Upon remand, the magistrate conducted an evidentiary hearing to determine the amount of damages. Following the hearing, the magistrate found that appellee was entitled to judgment in the amount of $3,134.49 plus interest from the date of judgment. Appellee objected to the magistrate's decision, arguing that he was entitled to prejudgment interest from June 30, 2001. The trial court overruled appellee's objections and entered judgment accordingly. Appellee timely cross-appealed, raising one assignment of error for review.
 II. CROSS-ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY FAILING TO AWARD PREJUDGMENT INTEREST FROM AND AFTER JUNE 30, 2001[.]"
 {¶ 4} In its sole cross-assignment of error, appellee argues that the trial court erred in failing to award prejudgment interest. Specifically, appellee asserts that payment for its services became due and payable on June 30, 2001, and that prejudgment interest is appropriate from that date. This Court finds that appellee's argument lacks merit.
 {¶ 5} A trial court's determination of whether to grant prejudgment interest will be upheld absent an abuse of discretion. Wagner v.Midwestern Indemnity Co. (1998), 83 Ohio St.3d 287, 293. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} R.C. 1343.03(A) provides in pertinent part as follows:
"* * * when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to [R.C. 5703.47], unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 7} Upon denying its objections to the magistrate's decision, the trial court noted that appellee had not provided a transcript of the hearing before the magistrate. Civ.R. 53(E)(3)(c) governs objections to a magistrate's decision and states that:
"[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
Furthermore, if a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate. Wilms v. Herbert, 9th Dist. No. 04CA008525, 2005-Ohio-2, at ¶ 10, citing Conley v. Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7. It follows that this Court is limited to the same review. Wilms, supra, at ¶ 10.
 {¶ 8} Upon review, appellee established before the magistrate that he rendered legal services to appellant and was entitled to payment in the amount of $3,134.49. This amount is supported by the invoices appellee provided the magistrate. However, these invoices do not reflect the parties' agreement as to when fees would accrue and when payments would be made by appellant. Absent evidence of the terms of the agreement between the parties, the trial court could not determine when the amounts owed to appellee became "due and payable." See R.C. 1343.03(A). Accordingly, this Court cannot say that the trial court abused its discretion in denying appellee prejudgment interest. Accordingly, appellee's sole cross-assignment of error is overruled.
 III. {¶ 9} Appellee's cross-assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee/cross-appellant.
Exceptions.
Slaby, P.J. Batchelder, J. Concur.
[1] Appellant/Cross-Appellee, Richard Silver, appealed from the trial court's grant of summary judgment, but this Court struck his brief when it was untimely filed and dismissed his appeal.