[Cite as *Hunters Trail Acquisitions, L.L.C. v. Stasik*, 2021-Ohio-2224.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HUNTERS TRAIL ACQUISITIONS, LLC

    Appellant

    v.

BENJAMIN STASIK, et al.

    Appellees

C.A. No.     29620

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2018-CVF-03179

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

TEODOSIO, Judge.

{¶1} Hunters Trail Acquisitions, LLC ("Hunters Trail") appeals from the judgment of the Stow Municipal Court. We affirm.

I.

{¶2} In October 2018, Hunters Trail filed a complaint for breach of a residential lease agreement against Benjamin Stasik, Jena Beckett, Angel Stephens, and Kristopher Stephens, seeking past due rent, as well as cleaning and repair costs. The Stephenses were voluntarily dismissed, and the remaining defendants filed an answer, which included the affirmative defense of failure to mitigate damages. A bench trial was conducted before the magistrate, who issued a decision concluding that Hunters Trail was entitled to damages representing the balance of rent due for September and October 2018, late fees, and cleaning and repair costs. The magistrate further concluded that Hunters Trail was not entitled to rent for the entire term of the lease because it had failed to mitigate its damages.

**{¶3}** Hunters Trail filed an objection to the magistrate's decision, asserting: "The objections Plaintiff raises are in regards to the findings that Plaintiff failed to mitigate their damages in regards to rerenting the unit." In making its argument, Hunters Trail cited to the trial transcript, which had not yet been filed. In overruling the objection and adopting the magistrate's decision, the trial court noted that Hunters Trail had failed to file a transcript in accordance with the Civ.R. 53(D)(3)(b)(iii), and that it would therefore not disturb the magistrate's findings of fact.

**{¶4}** Hunters Trail now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY PLACING THE BURDEN OF PROOF ON THE LANDLORD TO PROVE THAT IT HAD MITIGATED ITS DAMAGES, CONTRARY TO THE OVERWHELMING WEIGHT OF LEGAL AUTHORITY IN OHIO WHICH INSTRUCTS THAT IF A TENANT ASSERTS THE AFFIRMATIVE DEFENSE OF FAILURE TO MITIGATE DAMAGES, THEN THAT TENANT BEARS THE BURDEN OF PROVING SUCH A FAILURE BY A PREPONDERANCE OF THE EVIDENCE.

**{¶5}** In its first assignment of error, Hunters Trail argues the trial court erred by placing the burden of proof to prove mitigation of damages on the landlord rather than the tenant.

**{¶6}** Pursuant to Civ.R. 53(D)(3)(b)(iv): "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party had objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Furthermore, Civ.R. 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal." *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M,

2015-Ohio-46, ¶ 24. *See also Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ. R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."); *John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the * * * assignments of error, those claims have been forfeited and may not be raised on appeal."). "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc.* at ¶ 24.

{¶7} Hunters Trail did not raise the issue of burden of proof in its objection to the magistrate's decision, and that issue has therefore been forfeited and may not be raised on appeal. Furthermore, Hunters Trail has not argued plain error on appeal, as it did not raise such a claim in its Appellant's Brief to this Court. Although Hunters Trail raised the issue of plain error in its reply brief, doing so does not properly bring the issue before this Court for review.

{¶8} Pursuant to Loc.R. 7(D), reply briefs are restricted to matters in rebuttal of the appellee's brief. "Proper rebuttal is confined to new matters in the appellee's brief." Loc.R. 7(D). An appellant may not raise new assignments of error or new issues for consideration in its reply brief; rather, the reply brief is "merely an opportunity to reply to the brief of the appellee." *State v. Palmison*, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 32, fn.2, quoting *Sheppard v. Mack*, 68 Ohio App.2d 95, 97, fn.1 (8th Dist.1980). *See also In re P.C.*, 9th Dist. Medina No. 19CA0092-M, 2020-Ohio-6791, ¶ 20 ("[T]his Court has long held that a party cannot raise new issues for consideration in his reply brief, and that a reply brief is merely an opportunity to respond to the brief of the appellee.").

{¶9} Because Hunters Trail failed to raise the issue of burden of proof in its objection to the magistrate's decision and has not properly argued plain error, it has failed to preserve these issues for appellate review and we decline to address them. *See Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 18. Hunters Trail's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY FINDING THE LANDLORD FAILED TO MITIGATE DAMAGES WHEN THE TENANTS HAD NOT PROVEN A FAILURE TO MITIGATE DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

{¶10} In its second assignment of error, Hunters Trail argues the trial court erred by finding the landlord had failed to mitigate damages because the tenants had failed to prove the landlord's failure to mitigate damages by a preponderance of the evidence.

{¶11} Pursuant to Civ.R. 53(D)(3)(b)(iii): "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "[I]f a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate*." Joseph E. Oliver, Co. v. Silver*, 9th Dist. Summit No. 22344, 2005-Ohio-3633, ¶ 7. "[I]n the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." *Crislip v. Crislip*, 9th Dist. Medina No. 03CA0112-M, 2004-Ohio-3254, ¶ 6. *See also Weitzel v. Way*, 9th Dist. Summit No. 21539, 2003-Ohio-6822, ¶ 21 ("Where the failure to provide the relevant portions of the transcript or suitable alternative is clear on the face of the submissions, the trial court cannot then address the merits of the factual

objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection.").

{¶12} When an objecting party fails to provide a transcript or affidavit to the trial court in support of objections to a magistrate's decision, the appellate court is limited to determining whether or not the trial court abused its discretion in adopting or modifying the magistrate's decision. *Weitzel* at ¶ 19. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} In its objection to the magistrate's decision, Hunters Trail objected to the finding that it had failed to mitigate damages with regard to attempting to rent the unit in question. In making its argument, Hunters Trail repeatedly referenced testimony given at trial to show that it had provided evidence that it had attempted to "rerent" the property. In overruling Hunters Trail's objection, the trial court stated a because a transcript or affidavit had not been filed in accordance with Civ.R. 53(D)(3)(b)(iii), it could not disturb the magistrate's findings of fact.

{¶14} On appeal to this Court, Hunters Trail continues to argue against the finding that it had failed to mitigate damages, but does not show this Court how the trial court erred in its conclusion that it could not disturb the magistrate's finding of fact. Because Hunters Trail failed to provide a transcript or affidavit of the evidence as required by Civ.R. 53(D)(3)(b)(iii), it cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. *See Molnar v. Molnar*, 9th Dist. Medina No. 3102-M, 2001 WL 688898, *1 (June 20, 2001). Likewise, without

the benefit of a transcript, this Court cannot review the question of whether the tenants had failed to prove the landlord's failure to mitigate damages by a preponderance of the evidence.

**{¶15}** Hunters Trail's second assignment of error is overruled.

III.

**{¶16}** Hunters Trail's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

THOMAS J. WALSH, II, Attorney at Law, for Appellant.

ADAM M. VAN HO, Attorney at Law, for Appellees.