[Cite as *Estate of Hatcher-Hamilton v. Hamilton*, 2022-Ohio-1834.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ESTATE OF DARLING LAVONE
HATCHER-HAMILTON, deceased

    Appellant

    v.

DELBERT HAMILTON

    Appellee

C.A. No.    29894

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2019 ES 00447

DECISION AND JOURNAL ENTRY

Dated: June 1, 2022

HENSAL, Presiding Judge.

{¶1} Darionne Hatcher appeals from the judgment of the Summit County Court of Common Pleas, Probate Division. This Court affirms.

I.

{¶2} The underlying case is a contentious probate proceeding. The decedent, Darling Lavone Hatcher-Hamilton (the "Decedent"), passed away on March 25, 2019. She was survived by her adult daughter, Ms. Hatcher, and her husband, Delbert Hamilton. Mr. Hamilton is not Ms. Hatcher's father.

{¶3} Prior to her death, the Decedent executed a will that devised her real and personal property to Ms. Hatcher, including the real property located at 334 Preserve Lane, Macedonia, Ohio (the "Property"), which is the subject of this appeal. The Decedent's will also appointed Ms. Hatcher as the executor of her estate, and named Ms. Hatcher as the sole beneficiary.

{¶4} Upon Ms. Hatcher's motion, the probate court admitted the will to probate and appointed Ms. Hatcher as the executor of the Decedent's estate. It later appointed Ms. Hatcher[1] as the fiduciary of the estate, granting her authority to administer the Decedent's estate. Ms. Hatcher filed an inventory and an account, both of which listed the value of the Decedent's real property as $0.00.

{¶5} Mr. Hamilton filed an election to take against the will under Revised Code Sections 2106.01 and 2106.06. Several months later, he filed a motion to convey realty under Section 2106.10, which governs a surviving spouse's right to elect to receive the decedent spouse's interest in the mansion house. He asserted that the Property had been the subject of prior foreclosure proceedings, and that a recent Sheriff's sale had been cancelled because Ms. Hatcher was attempting to arrange financing so that she could purchase the Property for herself. He asserted that an inherent conflict of interest existed because Ms. Hatcher, as executor and beneficiary, appeared uninterested in preserving the estate in order to satisfy his right as the surviving spouse to take against the will.

{¶6} Mr. Hamilton then asserted that the appraised value for the Property was $315,000.00, that the mortgage balance was $284,190.00, and that liens against the Property totaled almost $80,000.00. He attached filings from other courts proceedings to support these amounts. Mr. Hamilton then asserted that his statutory spousal allowance for support (i.e., $40,000.00 under Section 2106.13(A)) was greater than the net value of the Decedent's interest in the Property, and that Ms. Hatcher was required to file an application for a certificate of transfer, which she had not done. He, therefore, requested that the probate court issue an order accepting

---

[1] Subsequent references to Ms. Hatcher refer to her acting in her capacity as the executor and administrator of the Decedent's estate.

an application for a certificate of transfer that would confirm his right to receive the Property under Section 2106.10(C).

{¶7} Ms. Hatcher opposed Mr. Hamilton's motion to convey realty. She argued, in part, that the inventory and account that had been filed were incomplete because Mr. Hamilton failed to turn over some of the Decedent's personal property, which affected the value of the Decedent's estate under Section 2106.10. She did not address Mr. Hamilton's assertions regarding the appraised value of the Property or the liens against it. Ms. Hatcher concluded that it was not possible to transfer the Property without first conducting an evidentiary hearing.

{¶8} Ms. Hatcher then filed a motion to convey realty. In it, she asserted that the Property was subject to a foreclosure proceeding, and that the estate had received mortgage approval to transfer the Property via short sale to a buyer. She also asserted that Mr. Hamilton refused to allow her to access the Property, and that he failed to explain the whereabouts of the Decedent's jewelry.

{¶9} A magistrate conducted a virtual hearing via Zoom to address the parties' competing motions to convey. Following the hearing, the magistrate issued a decision, granting Mr. Hamilton's motion to convey and dismissing Ms. Hatcher's competing motion.

{¶10} In its decision, the magistrate indicated that the parties agreed that the Property was valued at approximately $315,000.00 and that liens against it totaled approximately $400,000.00, leaving the Property with approximately $85,000.00 in negative equity. The magistrate indicated that Mr. Hamilton wished to take the Property in lieu of his $40,000.00 spousal allowance, but that Ms. Hatcher refused to file an application for a certificate of transfer to transfer the Property to Mr. Hamilton, which prompted Mr. Hamilton to file his motion to convey.

{¶11} The magistrate then analyzed Mr. Hamilton's rights under Sections 2106.01 and 2106.13, including his entitlement to the $40,000.00 spousal allowance. The magistrate indicated that Mr. Hamilton stated that he was only seeking the Property, which he was entitled to take as part of his $40,000.00 spousal allowance. It also indicated that, since the Property has a negative value of approximately $85,000.00, Mr. Hamilton was entitled to seek additional assets in the amount of approximately $125,000.00 to reach the $40,000.00 he was entitled to receive. It then reiterated that Mr. Hamilton stated that he only wanted the Property but noted that "he could still decide to take the entire amount of estate assets that he is legally entitled to as his elective share, which would be his prerogative."

{¶12} The magistrate also considered Ms. Hatcher's claim that Mr. Hamilton had retained the Decedent's jewelry and other items of value to the estate that were necessary to complete the inventory and account. The magistrate noted that Ms. Hatcher provided testimony on this issue but offered nothing to support her claims. The magistrate also noted that Mr. Hamilton denied Ms. Hatcher's claims.

{¶13} The magistrate then concluded that Ms. Hatcher's motion to convey the Property via short sale would thwart Mr. Hamilton's legal right to take the Property under Section 2106.10 and, accordingly, dismissed Ms. Hatcher's motion. It then granted Mr. Hamilton's motion to convey and ordered Ms. Hatcher to file the required pleadings, including an application for a certificate of transfer to transfer the Property to Mr. Hamilton.

{¶14} Ms. Hatcher filed objections to the magistrate's decision. She argued, in part, that the magistrate erred by suggesting that Mr. Hamilton could pursue additional estate assets even though Mr. Hamilton indicated he only wanted the Property. She also argued that the Property was appraised at $415,000.00, and that the magistrate erred by rejecting her testimony that Mr.

Hamilton failed to turn over certain estate assets, including the Decedent's jewelry. She further argued that the Decedent's retirement benefits should have been deposited with the estate, and that the funeral expenses should have been paid with the Decedent's pension funds. Notably, Ms. Hatcher did not file a transcript of the hearing to support her objections.

{¶15} Mr. Hamilton opposed Ms. Hatcher's objections. He argued that the inventory was not before the magistrate during the hearing, that the Decedent's retirement benefits and funeral expenses were not probate issues, and that the Property was appraised for $315,000.00. In support of the latter, Mr. Hamilton attached a copy of the appraisal performed in connection with a Sheriff's sale, which appraised the Property at $315,000.00.

{¶16} The probate court adopted the magistrate's decision, noting that Ms. Hatcher's objections were factual, rather than legal, in nature, yet she failed to file a transcript of the hearing as required under Civil Rule 53(D)(3)(b)(iii). Regarding Ms. Hatcher's claim that Mr. Hamilton failed to turn over certain estate assets, the probate court noted that the magistrate found no evidence to support Ms. Hatcher's claims and, in the absence of a transcript, it found the magistrate's conclusion to be correct. The probate court also found that the issues regarding the Decedent's retirement benefits and funeral expenses were not part of the magistrate's decision and, therefore, were not properly before it. The probate court further found that Mr. Hamilton was accepting the Property as full compensation for his marital share of the Decedent's estate.

{¶17} Ms. Hatcher now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DETERMINE THE AMOUNT OF ALLOWANCE FOR SUPPORT ALREADY RECEIVED BEFORE REWARDING THE SURVIVING SPOUSE WITH A DISTRIBUTION OF THE SUBJECT PROPERTY

{¶18} In her first assignment of error, Ms. Hatcher argues that the probate court erred by not determining the amount of the spousal allowance Mr. Hamilton had already received before determining that he was entitled to the Property. Ms. Hatcher asserts that Mr. Hamilton had already received $40,000.00 worth of estate assets, including retirement benefits, insurance benefits, and the jewelry he had failed to turn over to the estate. She also asserts that Mr. Hamilton benefited by not paying any of the funeral expenses, which the probate court should have considered. Ms. Hatcher acknowledges that some of these non-probate assets may not be relevant to the spousal allowance, but concludes that the probate court should have addressed all of the estate assets before determining that Mr. Hamilton was entitled to take the Property as satisfaction of the $40,000.00 spousal allowance he was entitled to receive.

{¶19} When, as here, "an objecting party fails to provide a transcript or affidavit to the trial court in support of objections to a magistrate's decision, the appellate court is limited to determining whether or not the trial court abused its discretion in adopting or modifying the magistrate's decision*." Hunters Trail Acquisitions, LLC v. Stasik*, 9th Dist. Summit No. 29620, 2021-Ohio-2224, ¶ 12. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *Id.*, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶20} Section 2106.13 governs the allowance for support of a surviving spouse. Section 2106.13(A) provides, in relevant part, that a surviving spouse "shall be entitled to receive * * * in money or property the sum of forty thousand dollars as an allowance for support."

{¶21} Section 2106.10 governs a surviving spouse's right to receive the mansion house. Section 2106.10(A) provides, in relevant part, that a surviving spouse may elect to receive "the entire interest of the decedent spouse in the mansion house." It further provides that "[t]he interest of the decedent spouse in the mansion house shall be valued at the appraised value with the deduction of that portion of all liens on the mansion house existing at the time of death and attributable to the decedent's interest in the mansion house." R.C. 2106.10(A).

{¶22} Section 2106.10(C) addresses applications for a certificate of transfer. It provides that, "[i]f the spouse makes an election pursuant to [Section 2106.10(A)], the administrator or executor shall file * * * an application for a certificate of transfer[.]" It further provides that "[i]f the value of the property and the allowance for support that the spouse is entitled to receive is equal to or greater than the value of the decedent's interest in the mansion house, the court shall issue the certificate of transfer." R.C. 2106.10(C).

{¶23} As previously noted, Ms. Hatcher did not file a transcript of the hearing with the probate court when she filed her objections to the magistrate's decision. *See* Civ.R. 53(D)(3)(b)(iii). The probate court, therefore, was required to "accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate." *Stasik*, 2021-Ohio-2224, at ¶ 11, quoting *Joseph E. Oliver, Co. v. Silver*, 9th Dist. Summit No. 22344, 2005-Ohio-3633, ¶ 7.

{¶24} On appeal, Ms. Hatcher acknowledges that "[a] lot of ground was covered" during the hearing and relies upon the transcript from that hearing to support her argument. For example,

she cites the transcript regarding the retirement and insurance benefits Mr. Hamilton purportedly received, as well as the jewelry he allegedly failed to turn over to the estate. Ms. Hatcher's failure to file the transcript with the probate court, however, precludes her from challenging the probate court's adoption of any of the magistrate's findings of fact. *Stasik* at ¶ 14. This includes the magistrate's finding that there was no evidence to support Ms. Hatcher's claim that Mr. Hamilton retained certain jewelry. It likewise precludes her from relying on the transcript on appeal to support her argument that the probate court should have considered the Decedent's insurance benefits, retirement benefits, and funeral expenses when determining Mr. Hamilton's spousal allowance. *United States of Am. v. Myers*, 9th Dist. Medina No. 15CA0105-M, 2016-Ohio-7817, ¶ 10 (noting that this Court is precluded from reviewing a transcript that was not filed with the trial court). Aside from relying on the transcript, Ms. Hatcher has not developed an argument as to how the probate court erred by determining that, since these issues were not a part of the magistrate's decision, they were not properly before it. *See* App.R. 16(A)(7).

**{¶25}** Having reviewed the factual findings in the magistrate's decision, as well as the probate court's judgment entry adopting the magistrate's decision, we cannot say that Ms. Hatcher has established that the probate court erred by concluding that Mr. Hamilton was entitled to the Property as satisfaction of the spousal allowance he was entitled to receive. Ms. Hatcher's assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY PROVIDING APPELLEE WITH LEGAL ADVICE AND ADVISORY OPINIONS THAT PREJUDICED APPELLANT'S POSITION

{¶26} In her second assignment of error, Ms. Hatcher argues that the magistrate erred by noting that, while Mr. Hamilton was only seeking the Property, he was entitled to seek additional estate assets that he was legally entitled to as his elective share. She argues that this amounted to the magistrate providing legal advice and an advisory opinion to the benefit of Mr. Hamilton, which could embolden Mr. Hamilton to seek additional estate assets.

{¶27} This Court rejects Ms. Hatcher's argument outright. In its judgment entry adopting the magistrate's decision, the probate court specifically stated that Mr. Hamilton was accepting the Property, subject to the liens, as full compensation of his marital share of the estate. *See Reisinger v. Reisinger*, 9th Dist. Lorain No. 18CA011444, 2019-Ohio-2268, ¶ 11, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000) ("Once a magistrate's decision has been filed and served upon the parties, the trial court must then act upon the decision. * * * Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided."); Civ.R. 53(D). The probate court did not incorporate the magistrate's conclusion that Mr. Hamilton could pursue additional assets into its decision. Accordingly, Ms. Hatcher has not established any reversible error in this regard. Ms. Hatcher's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW BY USING AN APPRAISAL AMOUNT FOR THE SUBJECT PROPERTY FROM A DIFFERENT COURT AND DIFFERENT PROCEEDING AND ADOPTING IT AS ITS OWN

{¶28} In her third assignment of error, Ms. Hatcher argues that the probate court erred by relying on an appraisal for the Property that was part of a separate foreclosure proceeding. Her argument relies, in part, on the transcript from the hearing. We apply the same standard of review set forth in our discussion of Ms. Hatcher's first assignment of error.

{¶29} The magistrate's decision indicated that the parties agreed that the Property was valued at approximately $315,000.00 and that liens against it totaled approximately $400,000.00, leaving the Property with approximately $85,000.00 in negative equity. In her objections, Ms. Hatcher asserted that the Property was appraised for $415,000.00, and that the lien apparently discussed at the hearing was "not a true fact." In its judgment entry adopting the magistrate's decision, the probate court indicated the house was "in foreclosure" and "under water[.]" It then determined that Mr. Hamilton would take the Property subject to all liens.

{¶30} Ms. Hatcher's challenge to the value of the Property is a challenge to a factual finding made by the magistrate after the magistrate heard evidence on the issue during the hearing. Because she failed to provide a transcript of the hearing as required by Civil Rule 53(D)(3)(b)(iii), she cannot now challenge the probate court's adoption of the magistrate's factual finding regarding the value of the Property. *Stasik*, 2021-Ohio-2224, at ¶ 14. Accordingly, Ms. Hatcher's third assignment of error is overruled.

### III.

{¶31} Darionne Hatcher's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES ALEXANDER, JR., Attorney at Law, for Appellant.

IRVING S. BERGRIN, Attorney at Law, for Appellee.