[Cite as *Leiby v. Am. Title Solutions, L.L.C.*, 2024-Ohio-6093.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

TODD LEIBY

    Appellant

    v.

AMERICAN TITLE SOLUTIONS, LLC

    Appellee

C.A. No.    31054

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    22 CV-01349

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

---

STEVENSON, Presiding Judge.

{¶1} Todd Leiby appeals a judgment of the Akron Municipal Court adopting a magistrate's decision and ordering judgment in favor of American Title Solutions, LLC ("American Title"). This Court affirms.

I.

{¶2} This is not the first appeal Mr. Leiby has filed in this case. This Court addressed Mr. Leiby's claims against American Title in *Leiby v. Am. Title Solutions, LLC*, 2024-Ohio-151 (9th. Dist.) ("*Leiby I*") and summarized the pertinent facts as follows:

> Mr. Leiby hired American Title Solutions, LLC to oversee the closing of the sale of his house. According to Mr. Leiby, during the closing process, American Title debited around $3,000 to pay for property taxes. The actual amount of taxes owed, however, was only around $2,150. Mr. Leiby also alleged that American Title made him pay too much in real estate agent commissions. He,therefore, filed a complaint against American Title, seeking to recover close to $2,000 for the overpayments and for breach of contract.
>
> The case proceeded to a hearing before a magistrate. The magistrate found that the reason for the discrepancy in the tax payment was because Mr. Leiby successfully

challenged an increase in the property tax for that year. The magistrate also found that American Title had complied with its contract with Mr. Leiby and had refunded him the tax overpayment. He further found that, under the parties' contract, Mr. Leiby would have to recover any other property tax payment discrepancies from the buyer of the house, not American Title. Because Mr. Leiby had already received everything American Title might have owed him, the magistrate recommended that Mr. Leiby's property tax overpayment claim be dismissed as moot. He also recommended that the court find in favor of American Title on Mr. Leiby's closing-commissions claim.

. . . The court adopted the magistrate's decision and entered judgment for American Title. . . .

*Id.* at ¶ 2-4.

**{¶3}** This Court vacated the municipal court's judgment in *Leiby I* and remanded the matter "for the municipal court to consider in the first instance whether Mr. Leiby has shown good cause for seeking an extension of time to submit his objections to the magistrate's decision." *Id.* at ¶ 9.

**{¶4}** Upon remand, the municipal court did not specifically consider whether Mr. Leiby showed good cause for his request for an extension but overruled Mr. Leiby's objections to the magistrate's decision, dismissed his claims for overpayment of real estate taxes and closing commissions, and entered judgment in favor of American Title.

**{¶5}** Mr. Leiby appeals the lower court's judgment, asserting three assignments of error for our review. For ease of analysis, we combine Mr. Leiby's assignments of error.

II.

**ASSIGNMENT[] OF ERROR I**

THE JUDGE IN THE SUBSEQUENT DECISION WAS COMPLETELY CONFUSED BY THE COMPLEXITY OF THIS CASE, AND ABUSED THEIR DISCRETION BY THIS CONFUSION AND ERROR OF FACTS, EXHIBITS, INFORMATION, AND DATES OF THIS CASE.

## ASSIGNMENT[] OF ERROR II

THE JUDGE IN THE SUBSEQUENT DECISION ERRORED AND INCORRECTLY APPLIED INTERPRETATIONS AND ERRORS OF FACTS, TO THE SIGNED CONTRACTS AND OTHER DOCUMENTS/EXHIBITS WHICH DID NOT REQUIRE SUCH ACTIONS IN  REGARDS TO THE PROPERTY TAX OVERPAYMENT CLAIMS.

## ASSIGNMENT[] OF ERROR II[I]

THE JUDGE IN THE SUBSEQUENT DECISION ERRORED AND INCORRECTLY APPLIED INTERPRETATIONS AND ERRORS OF FACTS, TO THE SIGNED CONTRACTS AND OTHER DOCUMENTS/EXHIBITS WHICH DID NOT REQUIRE SUCH ACTIONS REGARDING THE REAL ESTATE COMMISSION CLAIM THAT WAS OVERPAID.

{¶6}     Mr. Leiby argues in his assignments of error that the municipal court erred in its factual findings and abused its discretion in adopting the magistrate's decision.  For the reasons discussed below, we overrule Mr. Leiby's assignments of error.

{¶7}     Mr. Leiby is a pro se litigant.  This Court has repeatedly noted that:

"[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.  However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.  He is not given greater rights than represented parties, and must bear the consequences of his mistakes.  This Court, therefore, must hold [pro se appellants] to the same standard as any represented party."

*State v. Goldshtein*, 2012-Ohio-246, ¶ 6 (9th Dist.), quoting *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.); *Robinson v. Lorain Cty. Printing & Publishing Co.,* 2023-Ohio-3, ¶ 15 (9th Dist.).

{¶8}     After an oral hearing was held, a magistrate issued a decision in favor of American Title. Mr. Leiby objected to the magistrate's decision, challenging the factual findings of the magistrate.  Mr. Leiby did not seek the preparation of the transcript of the hearing that was held before the magistrate.  Following this Court's remand in *Leiby I*, the trial court overruled Mr. Leiby's objections and adopted the magistrate's decision.

{¶9}   Pursuant to Civ.R. 53(D)(3)(b)(iii): "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "[I]f a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts found by the magistrate." *Joseph E. Oliver, Co. v. Silver*, 2005-Ohio-3633, ¶ 7 (9th Dist.). "[I]n the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate." *Crislip v. Crislip*, 2004-Ohio-3254, ¶ 6 (9th Dist.). *See also Weitzel v. Way*, 2003-Ohio-6822, ¶ 21 (9th Dist.) quoting *Wade v. Wade,* 113 Ohio App.3d 414, 418 (11th Dist. 1996) ("'Where the failure to provide the relevant portions of the transcript or suitable alternative is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection.'").

{¶10}  This Court has stated that:

> When an objecting party fails to provide a transcript or affidavit to the trial court in support of objections to a magistrate's decision, the appellate court is limited to determining whether or not the trial court abused its discretion in adopting or modifying the magistrate's decision.

*Hunters Trail Acquisitions, LLC v. Stasik*, 2021-Ohio-2224, ¶ 12 (9th Dist.).  An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is

precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶11} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

{¶12} In his objection to the magistrate's decision, Mr. Leiby objected to the finding that American Title did not overpay Mr. Leiby's property tax bill. Mr. Leiby also objected to the finding that he did not overpay his real estate agent's commission. Mr. Leiby referenced the hearing before the magistrate, including the exhibits and documents that were submitted at the hearing. Mr. Leiby did not file a transcript or affidavit with his objection in accordance with Civ.R. 53(D)(3)(b)(iii). Accordingly, the trial court had to accept the magistrate's factual findings as true. *Joseph E. Oliver, Co.*, 2005-Ohio-3633, at ¶ 7 (9th Dist.). In the absence of the transcript, we cannot say that the trial court abused its discretion when adopting the magistrate's factual findings.

{¶13} In his appeal to this Court, Mr. Leiby continues to challenge the factual findings that there was no overpayment of his property tax bill or the real estate agent's commission. Because Mr. Leiby "failed to provide a transcript or affidavit of the evidence as required by Civ.R.

53(D)(3)(b)(iii), [he] cannot now challenge the trial court's adoption of any of the magistrate's findings of fact." *Hunters Trail Acquisitions, LLC*, 2021-Ohio-2224, at ¶ 14 (9th Dist.).

{¶14} Further, "[t]his Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal." *Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.) "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if a [party] fails to do so.'" *McMaster v. Akron Health Dept., Housing Div.*, 2010-Ohio-3851, ¶ 20 (9th Dist.); *Hunters Trail Acquisitions, LLC* at ¶ 6.

{¶15} Mr. Leiby did not properly object to the magistrate's decision as he failed to file a transcript or affidavit in accordance with Civ.R. 53(D)(3)(b)(iii). Accordingly, while Mr. Leiby may argue plain error, he has failed to argue plain error on appeal and we decline to make such an argument on his behalf.

{¶16} Accordingly, Mr. Leiby's assignments of error are overruled.

III.

{¶17} For the reasons stated above, Mr. Leiby's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

TODD LEIBY, pro se, Appellant.

JOEL CAVANAUGH, Attorney at Law, for Appellee.